IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BILDRICK JACKSON** **PETITIONER**

V. NO.: 4:17CV114-DMB-JMV

**PELICIA HALL, ET AL.** **RESPONDENTS**

### REPORT AND RECOMMENDATION

Petitioner Bildrick Jackson, a Mississippi inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus challenging the Mississippi Supreme Court's denial of his request for DNA testing relevant to the 2003 murder conviction he received in the Circuit Court of Leflore County, Mississippi. Respondents have moved to dismiss the petition for failure to state a constitutional claim, and, alternatively, as unexhausted. Jackson has filed a response in opposition to Respondents' motion. For the reasons set forth below, Respondents' motion should be granted and the instant petition dismissed.

### I
### Factual and Procedural History

Bildrick Jackson was accused of murdering Natalia Little in 2001. *See, e.g.*, Doc. #9-3 at 8. Mitochondrial DNA testing of blood evidence gathered in the case matched the DNA of the victim or someone in her maternal lineage. *See, e.g.*, Doc. #9-5 at 14-16; Doc. #9-11 at 2-3, 10. In 2003, Jackson was convicted of murder and sentenced to a term of life in the custody of the Mississippi Department of Corrections. Doc. #9-2. His conviction and life sentence were affirmed on direct appeal. Docs. #9-3 & #9-4; *Jackson v. State*, 924 So. 2d 531 (Miss. Ct. App. 2005), *reh'g denied* January 3, 2006, *cert denied* March 23, 2006.

On September 12, 2016, Jackson filed an application for leave to proceed in the trial court on a motion for forensic DNA testing, which was docketed in Mississippi Supreme Court

Cause No. 2014-M-00310. *See* Doc. #9-5. In his application, brought pursuant to the Mississippi Uniform Post-Conviction Relief Act, Miss. Code Ann. § 99-39-5(1)(f), Jackson claimed that "newly discovered evidence" made available through "advancements in DNA forensic testing since his trial would undoubtedly prove [his] innocence in the charge for which he stands convicted." *See* Doc. #9-5 at 2. Specifically, Jackson requested that an expert perform nuclear DNA testing, which would allow examiners to obtain complete DNA profiles from damaged or degraded DNA samples that were previously tested in Jackson's case. *Id.* at 3-7.

On April 21, 2017, counsel for the State of Mississippi responded to Jackson's motion, arguing that Jackson had failed to explain how the results of additional testing would be exculpatory. *See* Docs. #9-7 & #9-9. Counsel for the State also argued that Jackson's claim was procedurally barred, both by the successive writ bar and the three-year limitations bars. Doc. #9-9 at 6-7. Jackson filed a reply on April 26, 2017, attempting to advance his argument that additional DNA testing results would prove his innocence. Doc. #9-10. On June 6, 2017, the Mississippi Supreme Court denied Jackson's application for leave to proceed in the trial court on a motion requesting DNA testing. Doc. #9-11.

Thereafter, on or about July 27, 2017, Jackson filed the instant petition, raising as the sole ground for relief of "whether the Mississippi Supreme Court violated Jackson's procedural and substantive due process rights by denying his request for DNA testing under Miss. Code Ann. 99-39-5(1)(f)." Doc. #1 at 5. He asks this Court to grant him permission to seek DNA testing in accordance with the Mississippi statute. *Id.* at 15.

## II
## Analysis

**A. Jackson has failed to state a cognizable claim.**

Jackson filed the instant petition under 28 U.S.C. § 2254, which allows a federal court to grant federal habeas relief to an inmate in custody pursuant to the judgment of a state court "only

2

on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Therefore, to maintain a federal habeas petition, a petitioner must allege a deprivation of some federally-protected right. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). When a petitioner fails to allege any such federal right, he has failed to state an actionable claim, and his petition must be dismissed. *Irving*, 732 F.2d at 1216.

Mississippi has created a right to post-conviction DNA testing if the movant claims:

> [t]hat there exists biological evidence secured in relation to the investigation or prosecution attendant to the petitioner's conviction not tested, or, if previously tested, that can be subjected to additional DNA testing, that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

Miss. Code Ann. § 99-39-5(1)(f). Although Mississippi has created a right to DNA testing in certain circumstances, there is no freestanding constitutional right to post-conviction DNA testing. *See Dist. Atty's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 72-74 (2009). Moreover, a federal habeas petitioner possesses no right to collaterally challenge a state-court's application of its statute governing DNA testing. *See Skinner v. Switzer*, 526 U.S. 521, 533-34 (2011) (noting habeas is not an available remedy where relief sought is not earlier release from custody and concluding that a convicted state prisoner may press a procedural due process claim concerning access to DNA testing under 42 U.S.C. § 1983).[1]

Because any right Jackson possesses to additional DNA testing arises under Mississippi law only, Jackson fails to raise a cognizable issue in this habeas proceeding. *See Estelle v.*

---

[1] The court notes that Jackson's request for DNA testing may entitle him to a cause of action under 42 U.S.C. § 1983, if he can demonstrate that the Mississippi statute, as applied, violated his constitutional rights. *Skinner v. Switzer*, 562 U.S. 521, 524-25 (2011) (noting federal action for DNA testing by state prisoner is "severely limit[ed]" and requiring plaintiff "to show that the governing state law denies him procedural due process" to prevail on his claim); *Garcia v. Castillo*, 431 F. App'x 350, 353 (5th Cir. 2011) (applying *Skinner*).

*McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions[,]" as "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). This determination holds true even if the Mississippi Supreme Court erred in its application of the DNA statute to Jackson's case, as "mere error[s] of state law" fail to raise a due process issue. *Engle v. Isaac*, 465 U.S. 107, 121 and n.21 (1982); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (noting that habeas relief is not available to correct infirmities in state post-conviction proceedings). Therefore, Jackson's challenge to the Mississippi Supreme Court's denial of his request for additional DNA testing fails to state a constitutional claim for habeas review.

B. Jackson failed to exhaust this claim in State court.

A petitioner seeking federal habeas relief must first exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

Jackson did not present his federal habeas claim to the Mississippi Supreme Court as a federal due process claim; he couched his claim solely as arising under State law. *See* Doc. #9-5 & Doc. #9-8. The Fifth Circuit has instructed:

> It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made. Indeed, where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement.

*Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks and citations omitted). Therefore, because Jackson failed to present the Mississippi Supreme Court with a claim that the denial of his request for additional DNA testing violated his constitutional rights to procedural and substantive due process, the claim he presents in the instant petition is unexhausted. *See* 28 U.S.C. § 2254(b)(1)(A). Additionally, because Jackson's claim is not cognizable in a federal habeas proceeding, the Court finds that there are no circumstances that warrant a stay and abeyance in this case. *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

### III
### Conclusion

For the reasons set forth herein, it is **RECOMMENDED** that Respondents' motion to dismiss [9] be **GRANTED**, and the instant petition be **DISMISSED** with prejudice. Because Jackson has failed to make a substantial showing of the denial of a constitutional right, it is **FURTHER RECOMMENDED** that a certificate of appealability from this decision be **DENIED**. *See* 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV
### Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing

and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendations in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. . . .". *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178 (1995).

The petitioner must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this the 15th day of May, 2018.

s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**
